## Charles E. Crumbaugh, Trustee, Appellant, v. First National Bank of LeRoy, Appellee.

### Gen. No. 8,093.

1. CHATTEL MORTGAGES—*contingent liability as consideration.* There is no contingent liability on the part of heirs to pay a contingent deficiency on a judgment obtained by the holder of a note against the maker, for which deficiency the decedent is liable as surety on the note, that is a sufficient consideration to support a chattel mortgage given by the maker of the note for the benefit of the heirs.

2. DESCENT AND DISTRIBUTION—*assets of estate taken by heir.* An heir can take only such assets of an estate as are left after the debts are paid.

3. ESTATES OF DECEDENTS—*liability of heirs for debts.* No personal liability is imposed upon the heirs to an estate to pay the debts thereof.

Appeal by plaintiff from the County Court of McLean county; the Hon. WILLIAM C. RADLIFF, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed October 31, 1927.

SIGMUND LIVINGSTON, EARL HUGGINS and LIVINGSTON & MURPHY, for appellant.

DAVID D. McKAY and ADLAI H. RUST, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Benjamin C. Rees died intestate on the 15th day of May, 1926, leaving surviving him three daughters, Gertrude Crumbaugh, Katherine Rees, now Katherine Wahls, and Mrs. Nathan Skinner. Charles E. Crumbaugh, appellant, was appointed administrator of his estate, and is the husband of said Gertrude Crumbaugh. Benjamin C. Rees left about 90 acres of land near LeRoy in McLean county, on which there was a mortgage for about $3,000. After his death appellant, as administrator of the estate, discovered that Rees had executed a note as surety with Nathan Skinner

as principal, in the sum of $4,000, payable to appellee. Appellant concluded that Skinner would be unable to pay the full amount of the $4,000 note held by appellee and that there would be a deficit amounting to $2,400, which would have to be paid by the estate of Benjamin C. Rees and that thereby the shares of Gertrude Crumbaugh and Katherine Rees in said estate would be decreased in the amount of $1,200 each. Appellant then induced Skinner and his wife to execute two notes of $1,200 each, payable to himself as trustee, and also a chattel mortgage to secure the same, covering the property in controversy in this case. Appellant, by his indorsements thereon, transferred one note to his wife, Gertrude Crumbaugh, and the other to Katherine Rees, now Katherine Wahls. Thereafter appellee entered judgment on the $4,000 note against said Skinner and an execution was levied upon the property in question in this case and covered by said chattel mortgage. A trial of the right of property was had in the county court which resulted in a judgment in favor of appellee.

It is contended by appellant that a contingent liability is a sufficient consideration to support a chattel mortgage. *Goodheart v. Johnson,* 88 Ill. 58. Conceding this proposition of law to be true was there any contingent liability on the part of Gertrude Crumbaugh or Katherine Wahls to pay a contingent deficiency on the judgment of appellee against Skinner? The evidence does not show whether there was any such deficiency, but, assuming that such existed, or would exist, the estate of Benjamin Rees would be liable therefor and not his heirs. There was no personal liability whatever upon Gertrude Crumbaugh or Katherine Rees to pay any part of this indebtedness. While it is true that if the estate of their father should be compelled to pay the unpaid balance of the judgment against Skinner by virtue of their father being surety on the note, the amounts of their shares in the

estate would be lessened, yet, in any event, an heir can only take such assets of an estate as are left after the debts are paid, but no personal liability is imposed upon the heirs of an estate to pay the debts thereof. There was no consideration for the chattel mortgage of appellant. It is unnecessary to consider the other questions raised.

The judgment is affirmed.

*Affirmed.*